UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.: 1:20-cv-24719-GAYLES/TORRES

**TOWNHOUSE HOTEL LLC**,

    Appellant,

v.

**UNIVERSAL INVESTMENTS UNLIMITED, INC.**,

    Appellee.

_____/

## ORDER

**THIS CAUSE** comes before the Court upon Debtor Townhouse Hotel LLC's Motion for Leave to File Interlocutory Appeal of Order (1) Denying, in Part, Debtor's Motion to Determine Rent; (2) Granting Debtor's Motion for Extension of Time to Pay Rent; and (3) Reserving Ruling on Landlord's Motion for Relief From the Automatic Stay (the "Motion") [ECF No. 1]. The Court has reviewed the Motion and the record and is otherwise fully advised. For the reasons that follow, the Motion is denied.

### I. BACKGROUND

This matter arises out of a Chapter 11 bankruptcy proceeding. Appellant Townhouse Hotel LLC ("Townhouse") operates a hotel in Miami Beach, Florida. Due to the COVID-19 pandemic and the governmental restrictions in response, Townhouse became unable to operate the hotel, thereby defaulting on its rent obligations to Appellee Universal Investment Unlimited Inc. ("Universal"). Townhouse subsequently filed for bankruptcy on September 16, 2020. As a result of the bankruptcy petition, an automatic stay was issued, enjoining all creditors, including Universal, from collecting

their debts. In the bankruptcy proceeding, Townhouse filed a motion for extension of time to pay rent for October and November 2020, pursuant to 11 U.S.C § 365(d)(3). Townhouse also filed a motion to determine its pre- and post-petition rent obligations to Universal. Universal opposed those motions and filed its own motion for rent due under the lease and relief from the automatic stay. The Bankruptcy Court held a hearing on the motions on November 4, 2020.

On November 12, 2020, the Bankruptcy Court issued an order granting Townhouse's motion for extension of time and directed Townhouse to pay Universal rent owed from September 16, 2020 through November 16, 2020. The Bankruptcy Court determined that Townhouse was not entitled to equitable abatement or apportionment of its post-petition rent obligations and directed Townhouse to continue making rent payments to Universal. The Bankruptcy Court otherwise reserved its ruling on the motion to determine Townhouse's pre-petition rent obligations. The Bankruptcy Court also granted, in part, Universal's motion for relief from the automatic stay.  Townhouse now seeks leave to appeal the interlocutory order of the Bankruptcy Court pursuant to Bankruptcy Rule 8004 and 28 U.S.C. § 158(a).

**II. LEGAL STANDARD**

A district court has jurisdiction to hear appeals from interlocutory orders entered by a bankruptcy judge with prior leave of court.  *See* 28 U.S.C. § 158(a). "Because 28 U.S.C. § 158(a) does not provide the district court any criteria for determining whether to exercise their discretionary authority to grant leave to appeal, the courts look to 28 U.S.C. § 1292(b)." *Laurent v. Herkert*, 196 F. App'x 771, 772 (11th Cir. 2006) (quoting *In re Charter Co.,* 778 F.2d 617, 620 n. 5 (11th Cir. 1985)). Pursuant to 28 U.S.C. § 1292(b), leave to appeal is appropriate when (1) the bankruptcy court's order involves a controlling question of law; (2) on which there is substantial ground for difference of opinion; and (3) the immediate resolution of the issue on appeal may materially

advance the ultimate termination of the litigation. "Leave must be denied if the party seeking leave to appeal fails to establish any one of the three elements." *Figueroa v. Wells Fargo Bank N.A.*, 382 B.R. 814, 824 (S.D. Fla. 2007).

### III. DISCUSSION

Townhouse fails to establish the first element for leave to appeal an interlocutory order—controlling question of law. Interlocutory "appeals were intended, and should be reserved, for situations in which the court of appeals can rule on a pure, controlling question of law without having to delve beyond the surface of the record in order to determine the facts." *McFarlin v. Conseco Servs., LLC*, 381 F.3d 1251, 1259 (11th Cir. 2004). "The term 'question of law' does not mean the application of settled law to fact." *Id.* at 1258. "To be a pure question of law for purposes of § 1292(b), an issue must be an abstract legal issue that the court of appeals can decide quickly and cleanly." *Mamani v. Berzain*, 825 F.3d 1304, 1312 (11th Cir. 2016) (quotations omitted). "The antithesis of a proper § 1292(b) appeal is one that turns on whether . . . the [] court properly applied settled law to the facts or evidence of a particular case." *McFarlin*, 381 F.3d at 1259.

Townhouse argues that this Court should grant immediate interlocutory appeal because the Bankruptcy Court's ruling directing it to pay post-petition rent deviates from Florida law because the post-petition rent statute was applied without reference to implied conditions of the lease contract. [ECF No. 1 ¶¶ 22, 36]. Townhouse also requests interlocutory appeal because the Bankruptcy Court had no evidence to support its finding that the unabated rent amount was the proper measurement of adequate protection. *Id.* ¶¶ 16–17, 40. However, these issues do not involve pure questions of law but instead relate to whether the Bankruptcy Court correctly applied the statutory provisions or Florida law to the facts of its case. *See Nice v. L-3 Commc'ns Vertex Aerospace LLC*, 885 F.3d 1308, 1313 (11th Cir. 2018) ("That case-specific inquiry does not present a pure question of law but a

mixed one of law and fact. . . . As a result, the first requirement . . . under § 1292(b) is not satisfied."). Townhouse is essentially asking the Court to "second guess the reasonableness of the bankruptcy court's judgment, but this is not the purpose of interlocutory review." *Flying Cow Ranch HC, LLC v. McCarthy*, No. 19-cv-80230, 2019 WL 1258780, at *3 (S.D. Fla. Mar. 19, 2019) (denying leave to appeal where "[t]he crux of this appeal is whether the Bankruptcy Court erred in denying the Debtor an extension of time to file a plan and disclosure statement."). This appeal does not pertain to a controlling question of law; therefore, leave to appeal is denied.

## IV. CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** that

1. Debtor's Motion for Leave to File Interlocutory Appeal of Order (1) Denying, in Part, Debtor's Motion to Determine Rent; (2) Granting Debtor's Motion for Extension of Time to Pay Rent; and (3) Reserving Ruling on Landlord's Motion for Relief From the Automatic Stay, [ECF No. 1], is **DENIED**.
2. All pending motions are **DENIED as moot**.
3. This case is **CLOSED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 4th day of May, 2021.

_____
DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE